# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF KENTUCKY
### CENTRAL DIVISION
### AT LEXINGTON

**MICHAEL SPIVEY,**

    **Plaintiff,**

**V.**

**CMRE FINANCIAL SERVICES, INC. and
CREDIT BUREAU SYSTEMS, INC.,**

    **Defendants.**

**CIVIL ACTION NO. 5:19-480-KKC-MAS**

**OPINION AND ORDER**

*** *** ***

This matter is before the Court on a joint motion to dismiss Defendant CMRE Financial Services, Inc. The joint motion has been brought pursuant to Federal Rule of Civil Procedure 41(a)(2). (DE 25.)

As framed, the motion to dismiss is ineffective because the procedural vehicle that the parties attempts to use does not allow them to dismiss individual parties from an action. A notice of dismissal or request to dismiss under Rule 41 is confined to dismissal of an "action," meaning Rule 41 can only be used to dismiss *all* claims against *all* defendants, not individual claims or parties. *See Letherer v. Alger Grp., LLC*, 328 F.3d 262, 266 (6th Cir.2003) (quoting *Philip Carey Mfg. Co. v. Taylor*, 286 F.2d 782, 785 (6th Cir.1961)) ("Rule 41(a)(1) provides for the voluntary dismissal of an 'action' not a 'claim'; the word 'action' as used in the Rules denotes the entire controversy, whereas 'claim' refers to what has traditionally been termed 'cause of action.'"), *overruled on other grounds by Blackburn v. Oaktree Capital Mgmt., LLC*, 511 F.3d 633, 636 (6th Cir.2008); *EQT Gathering, LLC v. A Tract of Prop.*, No. 12–58, 2012 WL 3644968, at *2 (E.D. Ky. Aug. 24, 2012) ("In the Sixth Circuit, a notice of dismissal under

1

Rule 41(a)(1)(A)(i) can only be used to dismiss all claims against all defendants, not individual claims or parties.").

Instead, when seeking to dismiss fewer than all claims or parties, the Sixth Circuit instructs parties to utilize Rule 21, which provides that, "on motion or on its own motion, the court may at any time, on just terms, add or drop a party. The court may also sever any claim against any party." *Letherer*, 328 F.3d at 267. District courts in this circuit have consistently applied this precedent. *See Malik v. F-19 Holdings, LLC*, No. 5:15-cv-130, 2016 WL 2939150, at *4 (E.D. Ky. May 19, 2016) ("It is true that Rule 41 provides that a plaintiff may dismiss only an action – not certain claims – by filing a notice of dismissal before the opposing party serves an answer or a motion for summary judgment… In *Philip Carey*, the Sixth Circuit indicated that Rule 21 is the proper rule for the dismissal of a particular defendant."); *Miller v. Experian Info. Solutions, Inc.*, No. 3:13-cv-90, 2014 U.S. Dist. LEXIS 85054, at *2 (S.D. Ohio June 23, 2014) (recommending that a stipulated dismissal under Rule 41(a)(1)(A) be construed as a motion under Rule 21 because "[t]he Sixth Circuit has held [in *Philip Carey Mfg Co.*] that Rule 21 is the proper vehicle for the dismissal of individual parties from the action, and Rule 41, conversely, is appropriate only for dismissal of the entire action"); *CNX Gas Co., LLC v. Miller Energy Resources, Inc.*, No. 3:11-cv-362, 2014 WL 11638566, at *2 (E.D. Tenn. Jan. 8, 2014) (stating that Rule 41(a)(2) is not the correct procedural vehicle to dismiss one of multiple parties from an action). The rationale behind such a requirement is straightforward: dropping less than the entirety of the action risks prejudicing other parties in the suit. *EQT Gathering, LLC*, 2012 WL 3644968, at *3 (citing *Lester v. Wow Car Co., Ltd.*, No. 2:11-CV-850, 2012 WL 1758019, at *2 n. 2 (S.D. Ohio May 16, 2012) ("In certain situations, a Rule 41 dismissal of an individual defendant has the effect of depriving the

defendant of a full and fair opportunity to challenge the dismissal that would have been provided under Rule 21.").

To provide the relief requested, the Court will convert the present motion under Rule 41 to a joint, unopposed motion to dismiss pursuant to Rule 21. The Court finds that there is no risk of prejudice to any party here.

Accordingly, the Court hereby ORDERS that:

1) The joint motion to dismiss Defendant CMRE Financial Services, Inc. (DE 25) is GRANTED;

2) all claims against Defendant CMRE Financial Services, Inc. are DISMISSED with prejudice; and

3) the Clerk shall TERMINATE CMRE Financial Services, Inc. as a defendant in this matter.

Dated July 13, 2020

KAREN K. CALDWELL
UNITED STATES DISTRICT JUDGE
EASTERN DISTRICT OF KENTUCKY